UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| RAFAEL ARROYO,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>DORCICH FARMS, LLC, et al.,<br><br>　　　　Defendants. | Case No. 20-CV-08216-LHK<br><br>**ORDER GRANTING UNOPPOSED MOTION TO DISMISS THE FIRST AMENDED COMPLAINT WITH PREJUDICE**<br><br>Re: Dkt. No. 15 |

　　　　On January 29, 2021, Defendants filed the instant motion to dismiss the first amended complaint for failure to state a claim. ECF No. 15 ("Mot.").[1] Plaintiff's response to the instant motion was due on February 12, 2021. Yet as of today, April 12, 2021, Plaintiff—who is represented by counsel from the "Center for Disability Access" division of Potter Handy, LLP—has failed to file a response to the instant motion.

　　　　Given Plaintiff's failure to prosecute this case and the merits of the instant unopposed

---

[1] Defendants' motion to dismiss contains a notice of motion that is separately paginated from the memorandum of points and authorities in support of the motion. Civil Local Rule 7-2(b) provides that the notice of motion and the points and authorities in support of the motion must be contained in one document with a combined limit of 25 pages. *See* Civ. Loc. R. 7-2(b).

1
Case No. 20-CV-08216-LHK
ORDER GRANTING UNOPPOSED MOTION TO DISMISS THE FIRST AMENDED COMPLAINT WITH PREJUDICE

motion, the Court GRANTS the instant unopposed motion. ECF No. 15. The Court holds that Plaintiff has failed to state a claim for violations of the Americans with Disabilities Act ("ADA") or California's Unruh Civil Rights Act. The bases for these holdings are set forth in Defendants' unopposed motion. *Id.*[2] Specifically, Defendants' motion has merit on at least two grounds.

First, Defendants' website complies with the ADA's Reservations Rule, 28 C.F.R. § 36.302(e)—the sole basis for Plaintiff's ADA claim. The Reservation Rule requires that a hotel "[i]dentify and describe accessible features . . . to reasonably permit individuals with disabilities to assess independently whether a given hotel or guest room meets his or her accessibility needs." *Id.* § 36.302(e)(1)(ii). Defendants' website details the accessibility of common areas; accessible routes of travel throughout the hotel; and accessible guestrooms. Mot. at 9. Moreover, the Hotel's website notifies potential guests that they may call for "more information about the physical features of our accessible rooms, common areas, or special services relating to a specific disability." Mot. at 10 (quoting ECF No. 15-2). Thus, Defendants' website "reasonably permit[s] individuals with disabilities to assess" the accessibility of Defendants' hotel and guest rooms. 28 C.F.R. § 36.302(e)(1)(ii).

The weight of authority confirms the Court's conclusion. Two other courts have dismissed with prejudice virtually *identical* versions of Plaintiff's first amended complaint. *See Arroyo v.*

---

[2] Defendants also request judicial notice of (1) public webpages on Defendants' website that are referenced in Plaintiff's complaint; (2) a list of the approximately 22 cases that Plaintiff has filed in California federal court according to PACER; and (3) a consent decree filed in the U.S. District Court for the District of Columbia. ECF No. 15-2. Defendants' request is unopposed. The Court may take judicial notice of matters that are either "generally known within the trial court's territorial jurisdiction" or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Moreover, courts may consider materials referenced in the complaint under the incorporation by reference doctrine, even if a plaintiff failed to attach those materials to the complaint. *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005). Documents on "publicly available websites" and public records are proper subjects of judicial notice. *See, e.g.*, *Calhoun v. Google LLC*, No. 20-CV-05146-LHK, 2021 WL 1056532, at *5 (N.D. Cal. Mar. 17, 2021) (collecting cases). Accordingly, the Court GRANTS Defendants' unopposed request for judicial notice.

*AJU II Silicon Valley, LLC*, No. 20-CV-08218-JSW (N.D. Cal. Mar. 16, 2021), ECF No. 24 at 4–5 (analyzing Reservations Rule and collecting cases); *Arroyo v. JWMFE Anaheim*, LLC, No. 21-CV-00014-CJC, 2021 WL 936018, at *2–3 (C.D. Cal. Feb. 16, 2021) (analyzing Reservations Rule).

Many more courts have rejected similar claims against hotel websites that have purportedly violated the Reservations Rule. *See, e.g.*, *Love v. Marriott Hotel Servs., Inc.*, No. 20-CV-07137-TSH, 2021 WL 810252, at *5–8 (N.D. Cal. Mar. 3, 2021) (dismissing claims with prejudice as legally futile); *Garcia v. Gateway Hotel L.P.*, No. 20-CV-10752-PA, 2021 WL 936176, at *4 (C.D. Cal. Feb. 25, 2021) (same); *Strojnik v. Orangewood LLC*, 2020 U.S. Dist. LEXIS 11743, at *20 (C.D. Cal. Jan. 22, 2020) (same), *aff'd*, 829 F. App'x 783 (9th Cir. Nov. 17, 2020); *Barnes v. Marriott Hotel Servs., Inc.*, No. 15-CV-01409-HRL, 2017 WL 635474, at *9 (N.D. Cal. Feb. 16, 2017) (granting summary judgment to defendant where Potter Handy, LLP brought similar claim). Thus, Plaintiff's ADA claim is clearly meritless.

Second, Plaintiff's Unruh Civil Rights Act claim must be dismissed because it is dependent on Plaintiff's meritless ADA claim. Where Plaintiff has failed to plead an ADA violation, an "ADA-predicated . . . Unruh Civil Rights Act claim[] fails as a matter of law." *E.g.*, *Cullen v. Netflix, Inc.*, 600 F. App'x 508, 509 (9th Cir. 2015); *Zamora v. Wendy's Int'l*, LLC, No. 19-CV-06133-LHK, 2020 WL 3469331, at *7 (N.D. Cal. June 25, 2020) (holding same).

In sum, Plaintiff has failed to oppose Defendants' motion to dismiss the first amended complaint and has failed to state a claim for violations of the ADA or Unruh Civil Rights Act. Moreover, amendment would be futile considering the substantial authority against Plaintiff's claims. *See Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008). Accordingly, the Court GRANTS Defendants' unopposed motion to dismiss the first amended complaint with prejudice.

The Court also DENIES as moot Defendants' motion to dismiss the initial complaint for lack of jurisdiction, ECF No. 11, and Plaintiff's motion for administrative relief on scheduling a

3
Case No. 20-CV-08216-LHK
ORDER GRANTING UNOPPOSED MOTION TO DISMISS THE FIRST AMENDED COMPLAINT WITH PREJUDICE

settlement meeting, ECF No. 16.

**IT IS SO ORDERED.**

Dated: April 12, 2021

_Lucy H. Koh_
LUCY H. KOH
United States District Judge

Case No. 20-CV-08216-LHK
ORDER GRANTING UNOPPOSED MOTION TO DISMISS THE FIRST AMENDED COMPLAINT WITH PREJUDICE